We'll hear the next case, which is the United States v. Nguyen. You may proceed. May it please the Court, Counsel. Dan Maloney, Federal Defender's Office, Reno, Nevada, on behalf of Appellant Mr. Nguyen. And if you can keep your voice up, please. Okay. There are two interrelated issues in this case. The first issue is, did Appellant waive his objection to the criminal history point in paragraph 37 of the pre-sentence report by failing to object in the time periods provided by Rule 32? And then the second question is, as a practical matter, so what? Does it really matter? As far as the second question, brief factual scenario. Well, there's a third question, too, at least in my mind, is whether or not you waived your right to appeal. I was kind of afraid of that one. The parties, I addressed that in the appellant's brief. I didn't see it addressed in the government brief, and so did not address it in the reply brief. Generally speaking, our position is this, is that when you have a waiver in this circumstance, the waiver was to a sentence within the guideline range. That means the lawfully applicable guideline range. And in this circumstance, the sentence, if we are right on this circumstance, the sentence is in excess of the lawful guideline range. The lawful guideline range would have topped out at 41. The sentence in this case was 44. So for that reason, Mr. Nguyen has not waived his right to appeal because of the appeal waiver in the plea memorandum. Again, briefly, the facts of the case are that the pre-sentence report counts four criminal history points. Criminal history point in paragraph 35, I believe, verified by court documents. 36, verified by court documents. 38, verified by court documents. The one in this case, the notation in paragraph 37 that is issued in this case, is court documents requested but not yet received. And then a further instance in this case, the court documents were received sometime in October. Appellant filed a motion for this Court to take judicial notice of those documents. The government filed a response. And so that's where we're at right now. Let me ask you this. I mean, I read the transcript at the sentencing. And the defense attorney, and I confess I didn't pay attention to names. Were you the defense attorney? No, Your Honor. The defense attorney at that time doesn't make any reference to this until just before allocution. And earlier in that same proceeding, the defense attorney had been asked, do you have any objection, any factual objection? He said no. Maybe you could say, well, this wasn't a factual objection, it's a different kind of objection. Obviously he had it in his head because later in the same hearing he raises it. But that judge is, I won't say sandbagged, but certainly surprised. This is the first time the judge has really entertained this idea. That's pretty late. The response to that, from our standpoint, is this, Your Honor. Sentencing remains a judicial function. It is not a probationary office function. In this case, the district court has the obligation and the authority to address the legal significance of what he finds in those pre-sentence reports. No, but that's the purpose of an objection is, you know, to call the court's attention to any deficiencies in the PSR. Right? That is the purpose of the objection. I mean, you're just trying to you're avoiding the entire question I think that he asked. Our position is that under, and I think it's 32A, he can then take factual matters in the pre-sentence report. The legal significance of those factual matters is still his obligation. And when you look at this, the legal significance of that information in paragraph 37, number one, as a factual matter, even with no documents, does not establish that it is a valid criminal history point, because the statute under which he was convicted, and, again, the pre-sentence report lists an incorrect statute. I don't think that's fatal. But the statute under which he was convicted at that time provided for two dispositions, a deferred judgment disposition, which may or may not count, and a pre-guilty plea diversionary disposition, which does not count under for a 1.2 sub F. When you have the documents in front of you, then there is another additional disposition. It was a disposition under Proposition 36, which does not count under 421J, an expunged conviction. So our position is that, okay, he waived his objection as a factual matter to the information in report. That information still, as a legal matter, does not establish that there was a valid criminal history point. And this court can and should reach that issue. All right. What about then, you know, looking at your judicial notice materials, they don't firmly establish anything either, do they? That's really for this Court to say. I mean, in other words, you know, what's the prejudice or what's the harm to you? The harm is that's not a valid criminal history point. And the harm in that is that the criminal history point is not valid. Well, have you shown that by, you know, by providing supplemental materials it's not valid? Yes, Your Honor, we have. When you look at those documents, the documents show, number one, it was a set-aside under subsection 12, 1.2, sub 1, sub D. But the set-aside is not the same as an expungement. Under California law, it is. That's our position. When you look at that case that we cited, the Cantu case, the California case, the case that the government has moved a strike from the notice, and our position is you can look at that, whether or not we call it to your attention. You can definitely look at that, whether or not it's in the – but when you look at that case, they interpret that very provision in the context of a case as to whether or not those convictions under Proposition 36 can be used as subsequent criminal convictions, and they find in that case that the Court shall expunge those. And under that particular subsection, the subsection at issue under the documents in this case, under California law, that's an expungement. That may well be true, but nothing approaching that argument was made to the district judge. I mean, none of these papers were submitted to the district judge. Your predecessor didn't go dig up the papers. I mean, he just kind of waited around and said, well, they're not here yet. And it's arguable whether or not the set-aside constitutes expungement. I mean, you may well be right, but it's arguable, and the district judge saw none of this. He said, well, what are we supposed to do with this? I mean, this sounds like plain error to me, if we can get to it at all. And plain error not only means mistake, but fundamental mistake, I forget the precise words, but somehow affecting fairly strongly the course of justice. At most, we're talking a few extra months. From our standpoint, a few extra months is very substantial. That is a substantial sum. Sure, I understand. I mean, any time in jail you're not supposed to be there is real time. I understand that. Yeah. And so, I mean, so that reached that point. And then it is a matter of law. Somewhat surprisingly, I don't have a case where this Court has interpreted Proposition 36. Yeah. And I mean, and maybe that's the problem. This is a case when the Court can do that. You have all the information. And again, I come back to the point that the reason we are bringing this information and this argument here to you now is because we didn't have the documents. And the burden of proof remains upon the government to produce the information to justify that criminal history point. They didn't do it at the time of sentencing. Well, presumably, the defendant knew what he'd been convicted of in the Supreme Court. You don't think so? As a practical matter, I certainly don't think you get there. And as a practical matter, the defendant certainly didn't know the legal consequences under subsequent sentencing under the Federal guidelines. That's a judicial determination. With respect to the pre-sentence report. He would know that he had Proposition 36 that's been expunged. He doesn't have to talk about it. I mean, at least theoretically. We're speculating here, of course. But the idea that the defendant somehow knows, number one, of his convictions and his legal obligations as a result of those, and, number two, then somehow has an obligation to bring that information to the court is problematic. No, I'm talking about the lawyer. The lawyer, yes. Going to the client and getting information. Well, the lawyer had the information from the pre-sentence report, and the information from the pre-sentence report is we can't verify this conviction. We are waiting to receive documents, and the lawyer waited to receive the documents and never got them. But the short answer is. That's our position. But the short answer is that criminal defendants very often misremember their criminal history. Yeah, exactly, Your Honor. I mean, in the technical sense. And, again, I mean, and I don't mean to be facetious, but, boy, you certainly don't want to count on what your criminal defendant is telling you in any given circumstance. Yeah, sure. So, I mean, so I think I kind of covered the points. Generally speaking, if you look at the information in front of the of the, it could have been a nonqualifying. When you look at the information that actually verifies the conviction, it is a nonqualifying court. Sentencing is a judicial function. The court still has to make that determination. Defendant was prejudiced. Thank you. Thank you. You have used your time. Good morning. May it please the Court, Elizabeth Olson on behalf of the United States. First of all, the Federal rules make clear that the district court has the discretion either to consider or to decline to consider any objection to the PSR that's made for the first time at the sentencing hearing. Now, in this case, the district court chose not to consider the defense. But I think the court should make some determination of whether or not, I think the rule uses the term good cause has been shown for being late, right? Yes. And in this case, the district court explicitly rejected the defendant's claim of good cause on page 42 of the excerpt of record. The defendant's objection at the sentencing hearing was this PSR is assessing a criminal history point for a prior conviction for which the probation office doesn't have full documentation. Right. That is exactly the objection. Well, but here's my problem with this case, my problem with your version of this case. The PSR promises that or at least implicitly promises that the papers will show up counting the criminal history point on the assumption that the papers will support this as a valid conviction. Then we get to sentencing. The papers aren't there yet. Well, how do you make an objection to the report when it's premised upon something showing up? I mean, okay, so I'm waiting for it to show up. Okay. It never shows up. And he makes his objection just prior to allocution, but immediately after the judge for the very first time indicating that he's going to count this as a point. That is to say, up until that time, he may very well have thought that the judge was going to do what I think is the right thing to do. If the criminal history point is premised upon papers that haven't yet been entered into the file, the district judge shouldn't have counted that. So as soon as the district judge says, wait a minute, okay, I'm going to impose a sentence based on that, he says, whoops, wait a minute, what's wrong with that scenario? I mean, that narrative of what went on and the consequences. I have two responses to that. First of all, the draft PSR did assess the criminal history point for that. And Rule 32. Yes, it did. But on the assumption that the papers were going to show up. The probation report said that the papers had been requested and that they had not yet been received. Okay. Now, I've seen probation. I mean, sometimes depending on where the jurisdiction was, they call up the county courthouse and say, can you find these records for us and send them to us. Sometimes they arrive, sometimes they don't. Sure. Usually they do. Now, we know that this Court said in Marin Cuevas where the only information – I mean, the government has the obligation to prove the conviction by a preponderance and where the only information is the notation in the pre-sentence report, even when there's no supporting documentation. If that's the only information in the pre-sentence report and the defendant doesn't either bring something else forward or even deny the conviction, the pre-sentence report notation is sufficient to establish the conviction by a preponderance. So even if the defendant had made that timely objection, I mean, the reason that the rules require those timely objections is to put both the probation office and the government on notice. But the probation officer has already said he's on notice because we're asking for more papers. Right. But we don't know. You don't have to put the probation officer on notice because they are on notice by their own confession. Yes. And if the defendant had said it was timely – So that purpose is already fulfilled. Well, exactly, except that if the defendant – I mean, up until the sentencing hearing, and as Judge Fletcher points out, up until the very close to the end of the hearing, the defendant was contesting this conviction. I mean, the defendant had been convicted. He had been sentenced. No, but you see, as he says, Judge Fletcher, there's nothing to contest because the conviction is sort of in the report provisionally saying, well, in essence, this is what it says. This conviction is here subject to further verification. That's what it says. And so you can, you know, if the probation officer is good for his word or her word, you expect at the sentencing they're going to bring up that further documentation. So the time to object is when that documentation doesn't show up. And it doesn't show up, even by the time it's in, it doesn't show up. So you say, well, this is my last chance. You know, you haven't come forward with a proof of the conviction, so I'm objecting. Now, why is that late? It's late because one of the requirements under 32 is that the defendant has to file timely objections to information that is either contained in or admitted from the report. Now, oftentimes in the – I believe, and obviously the probation office isn't part of the U.S. Attorney's Office, but I believe in some cases when they've got those convictions that they're waiting for material on, sometimes they count it as a point, sometimes they don't count it as a point. They wait until the material comes. In this case, the probation office assessed a point for this conviction. If the defendant didn't think that that point was properly assessed, the time to object would have been. But you're speaking categorically, and he didn't do that. He assessed it provisionally, in effect. The probation – the report doesn't say anything about provisionally. It says we asked for further documentation and we haven't gotten it. That's the provision. It says that. It says we've asked for the documentation. We have not yet received the documentation. Now, what is that, a meaningless phrase? It's not meaningless. I mean, they did ask for it. Well, you're trying to make it meaningless. I don't think so, Your Honor. They did ask for the information. They had not received the information. But they went ahead and assessed the point. I think, you know, my – I think the main point here on this – on this piece, which is whether the district court was required to consider this late – this objection raised for the first time at the sentencing hearing. When the defendant doesn't cite, the government has not found a single appellate decision from any court of appeals, published or unpublished, holding this action an abuse of discretion, regardless. Am I right in saying – this is my impression from reading the papers in this case that I have read. Am I right in saying that the first indication the judge gives as to the points that he's going to assess are immediately before the defendant says, wait a minute, as to this last one, there are no papers? Had the judge previously indicated what he was going to do? Only – only that at the very beginning of the sentencing hearing, he asks if there are any objections to the preceding sentence. But that doesn't indicate what he, the judge, is going to do. No. No, it doesn't. But to the extent that the probation office has suggested a calculation and neither side has – I mean, obviously, the defendant did have an objection to the leadership enhancement, and that was raised timely. I understand. But it seems to me at least plausible that the defense attorney, seeing that this was, okay, here's a criminal history point, but we don't have the papers supporting it yet, could have assumed that the judge was going to say when it comes time to calculate, and the judge is going to say, well, have the papers showed up yet? Yes, no. If they haven't showed up yet, I'm not going to give it to you. Well, if the – But then as soon as the judge indicates, well, I'm just counting the points, I'm not even going over the question as to whether or not the papers have shown up, he immediately says, well, wait a minute, Your Honor, the papers haven't shown up yet as to that one. Yeah. Well, of course, under this Court's decision in Marin Cuevas, those papers weren't necessary to prove the conviction by a preponderance of the evidence in the absence of any either denial by the defendant that that was his conviction or anything else. I mean, preponderance of the evidence. This Court said the notation of the PSR, even without – and Marin Cuevas was exactly the situation where there was no further documentation about the conviction. And this Court said that raising that, the defendant tried to raise that. Actually, I don't know if it was at the sentencing hearing or on appeal, but that to establish it by a preponderance of the evidence, the notation of the PSR is sufficient. Now, I can't remember in Marin Cuevas, did the notation say, and we're waiting for more papers, or was it just a notation? My understanding – I need to go back and read it myself. I mean, this Court made clear that the PSR was clear that there was no supporting documentation for it. So if I could just move on. Is it clear – this is what I don't understand. Is it clear that there was no supporting documentation for this conviction in this case? I don't know what that means, additional documentation. Well, what happens is they get the initial convictions, I think, from the NCIC report, and then they contact the courthouses and ask for this information. I have just one minute or a minute and a half about these documents, which the defendant has asked the Court to take judicial notice of. Those documents make very clear what happened in California. The defendant was convicted of possession of a controlled substance and being under the influence of a controlled substance. He pleaded guilty to the offense. He was sentenced to probation with drug treatment as a provision of probation under this Prop 36 in California, successfully completed probation, and the conviction was set aside. The sentencing guidelines are absolutely clear that those convictions count. I'm not sure the sentencing guidelines are absolutely clear. I think there's a fair argument that that counts as an expungement. Well, I'll tell you why I disagree, Your Honor. What Application Note 10 of 4A1.2 says, the title is, Convictions Set Aside or Pardoned. And what it says is that when sentences that certain jurisdictions have provisions where convictions can be set aside for reasons unrelated to innocence or errors of law, those convictions are counted, but expunged sentences are not. What this Court said in Hayden is that that note explains what is and what is not an expunged sentence. Now, regardless what word the State of California used in dicta in this Canty decision and, in fact, either way, I mean, either California in that decision, because it wasn't about expungement versus set aside, they might have just used the term loosely as courts often do. So it's your position that Application Note 10 overrides, well, you tell me it's dicta, but overrides the language in the State court's interpretation of what that State law means. Two things. First, perhaps the California court was just using the term expungement kind of in the generic sense because it was not focused on that question in the Canty decision. But more important, even if the definition of expungement under California law is broad enough to encompass what happened here, the law, the definition of expungement for sentencing guidelines purposes is very clear, that expungement for sentencing guideline purposes are convictions that are set aside either for innocence or errors of law, and that's not what happened here. Well, I don't know about that. You know, Application Note says what you say it says, and then at the end it says, however, expunged convictions are not counted. But the problem is it doesn't define what expunged means. Right. Except that this Court in Hayden used that Application Note and sort of said by implication expunged means sentences that are set aside for innocence or errors of law. Thank you. I don't have time. Do you wish to add anything? Do I have some additional time? Well, you don't, but she went over a minute, so if you want to add anything. Thank you. Just a quick point about Marin Cuevas. In Marin Cuevas, the probation officer testified. He testified he couldn't locate the court documents because they were so old they had been purged. He testified that he confirmed the conviction by going ahead and comparing records of defendants' fingerprints. And so there's a couple of steps in there. And then I would just ask the Court to look carefully. Hayden interpreted a different statute. Hayden interpreted a statute that specifically provided that the convictions could be used in subsequent criminal prosecution. So thank you very much. Thank you.
judges: Schroeder, Tashima, Fletcher